UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMES D. ATWOOD, | Civil No. 09-6207-HA |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER of Social Security, | |
| Defendant. | |

HAGGERTY, District Judge:

On September 23, 2010, this court entered a Judgment remanding this matter to the Commissioner for further proceedings. Following the remand, plaintiff was awarded benefits.

Plaintiff's counsel now moves for a fee award of $30,183.25 in addition to the $5,467.97 fee already awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The total fee of $35,651.22 constitutes twenty-two percent of plaintiff's retroactive benefits. Although defendant does not object to the proposed award, this court performs an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's Unopposed Motion for Attorney Fees [19] is granted in part.

1 -- ORDER

**DISCUSSION**

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). Pursuant to the statutory guidance, plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received. This agreement is within the statutory limits.

The fee award currently sought by counsel represents twenty-two percent of plaintiff's total award of past-due benefits which was $162,051.00. The requested contingent fee award for plaintiff's counsel, however, is neither automatic nor presumed. *Dunnigan v. Comm'r*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). This court may reject a contingent fee agreement that fails to "yield reasonable results" in a particular case. *Gisbecht*, 535 U.S. at 807. Counsel therefore must establish that the requested award is reasonable, even if it does not exceed the twenty-five percent ceiling. *Id.*

This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" such that the award would constitute an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due

2 -- ORDER

to the character of counsel's representation, the results obtained, or any delay. Plaintiff's counsel presented sound arguments in her briefing that resulted in a remand for further proceedings and an eventual award of benefits for her client. Neither plaintiff's counsel, nor the government sought any extensions of time in which to file their respective briefs. Accordingly, a reduction of counsel's fee request is unwarranted under these three factors.

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has also recently explained that this court may evaluate the complexity and risks of the *specific* case at issue when assessing the reasonableness of a fee request. *Stokes v. Comm'r of Soc. Sec. Admin.*, No. 10–35628, 2011 WL 1749064, at *1 (9th Cir. 2011) (quoting *Crawford*, 586 F.3d at 1153). This court does not provide an in depth review of the general risks of Social Security cases, because the general risks in all Social Security cases are the same. It is those general risks, combined with the specific risks in a difficult and time consuming case, that allow this court to award attorney fees of twenty-five percent. However, the general risks of Social Security representation alone do not warrant large fee awards.

In this court's estimation, this case was only slightly more risky than the average Social Security case. However, the issues presented were in no way difficult, complex, or novel questions of law or fact. It was a relatively simple and straightforward case dealing with the sorts of issues (lay witness testimony, etc . . .) that are commonplace in this type of litigation.

Plaintiff's counsel worked 24.75 hours on the case and her paralegal spent an additional 13.70 hours on the case. In support of her request for a fee award, counsel compares her

3 -- ORDER

requested fee award with the Portland area's average billing rate for non-contingent cases, and then applies a number of multipliers in order to account for the general risks of contingent fee Social Security litigation. While this court is not persuaded that the multipliers used are necessarily appropriate, this analysis is useful in helping this court assess the reasonableness of the fee requested. *Gisbrecht*, 535 U.S. at 808.

In computing her hourly fee request, plaintiff draws no distinction between the hours she spent on the case and those spent by her paralegal, and her request is for $927.20 per hour for the combined 38.45 hours spent litigating the case. This court can find no support for what appears to be counsel's contention that paralegal time and attorney time should be considered on equal footing when considering the reasonableness of a fee request. In those cases that have dealt with the issue of paralegal time, some have excluded the time completely; *see Roark v. Barnhart*, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002); and others have considered paralegal time in assessing the overall reasonableness of the fee request. *See Siraco v. Astrue*, -- F. Supp. 2d --, 2011 WL 2899110 (D. Me 2011) (noting that the question is not whether paralegal time is compensable or what multiplier for paralegal time is appropriate, but whether the fee is reasonable in light of the legal services provided); *Crawford*. 586 F.3d 1142 (repeatedly referencing paralegal time, but nowhere stating how paralegal services should be accounted for, and discouraging a lodestar based approach). This court adopts the approach set forth in *Siraco*, whereby the results achieved are compared with the services provided to reach a reasonable fee. Indeed, a discussion of an appropriate paralegal fee versus attorney fee creates the risk that this court will overly rely on a lodestar approach when the focus should be on the contingent-fee agreement, adjusted for reasonableness.

Here, the court concludes that the requested fee is unreasonable. This is driven by two

4 -- ORDER

primary factors.  The first is that the case was not particularly complex or time consuming and the second is that the retroactive benefits recovered were quite large.  The combination of these two factors results in a windfall.  In short, "the benefits are large in comparison to the amount of time counsel [and paralegal] spent on the case [and] a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.  While giving primacy to the contingent fee agreement, this court concludes that a reasonable fee in this case would constitute seventeen percent of the retroactive awards.

## CONCLUSION

For the reasons stated, counsel's Unopposed Motion for Attorney Fees [19] is granted in part.  Counsel is entitled to $27,548.67 in § 406(b) fees, representing seventeen percent of the disabled plaintiff's retroactive benefits recovery.  After subtracting the $5,467.97 EAJA fee award previously granted to counsel, the final fee award is $22,080.70.  *See Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this 19th day of December, 2011.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge